IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOUGLAS E. LANDIS,

                Petitioner,                 ORDER

v.

                                          18-cv-668-wmc

JON LITSCHER,

                Respondent.

---

This is a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Douglas Landis is serving the extended supervision portion of a sentence imposed by the Circuit Court for Vernon County, pursuant to Landis's 2001 conviction for substantial battery, false imprisonment and bail jumping as a repeat offender. Landis claims that he was denied his constitutional right to a direct appeal when, after being found financially ineligible by the State Public Defender's Office for appellate representation, neither the SPD, the circuit court nor his trial counsel informed him that he could file a motion in the trial court asking it to appoint counsel for him, hire another attorney or proceed *pro se*, and no one explained to him the dangers of proceeding *pro se* on appeal. As a result, argues Landis, "his rights to appeal and effective assistance of post conviction counsel were violated." According to Landis, he didn't realize this until 15 years after he was convicted. In 2017, he filed a motion in the Wisconsin Court of Appeals for reinstatement of his appeal rights, which was denied, and the Wisconsin Supreme Court subsequently denied his petition for review. He then filed the instant habeas petition.

Landis's petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to dismiss a federal habeas

petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During the court's initial review of habeas petitions, it looks to see whether the petition is timely, whether the petitioner sets forth cognizable constitutional or federal law claims, and whether the petitioner has exhausted available state remedies.

For purposes of this order only, the court will assume that Landis had a constitutional right to be informed of his right to appeal the public defender's financial eligibility determination or to ask the circuit court to appoint a lawyer to represent him, that he was not so informed, and that this prejudiced his right to appeal. Even so, this court is not likely to hear Landis's claim because his petition is untimely. In general, a state prisoner must file his federal habeas petition within one year from the date on which his conviction in the state court became final. 28 U.S.C. § 2244(d)(1). (There are statutory exceptions to this general rule, *see* § 2244(d)(1)(B)-(D), but none applies here.) A state court conviction becomes final at the conclusion of direct review or the expiration of the time for seeking such review. *Id*. Although it is not clear from the state court docket sheet when Landis's right to file a direct appeal expired, *see* https://wcca.wicourts.gov (search Vernon County case 00CF0088)(last visited October 4, 2018), it is fair to assume that it occurred no later than 2003. His deadline for filing a federal habeas petition expired one year later, or in 2004.

The state court docket sheet does not show that Landis filed any applications for post-conviction relief in 2003 or 2004 that would have tolled the limitations period under 28 U.S.C. § 2244(d)(2), which provides that the federal limitations period does not run

while a properly filed application for post-conviction relief is pending in state court. Thus, the instant federal petition is at least 10 years too late. Petitioner's 2017 state court motion for restoration of his appeal rights does not affect this calculation. Because his federal limitations period had already expired by the time he filed his application for a writ of habeas corpus in state court, he does not get the benefit of tolling under 28 U.S.C. § 2244(d)(2). *Teas v. Endicott*, 494 F.3d 580, 582–83 (7th Cir. 2007) (where time under § 2244(d)(1)(A) has long expired before filing of state postconviction petition, no collateral review "was pending" in state court and tolling provision under § 2244(d)(2) does not render petition timely); *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005) ("state court's willingness to entertain a belated collateral attack on the merits does not affect the timeliness of the federal proceeding"). Once expired, there was no longer any time to which the tolling provision could apply.

Although Landis's petition is plainly untimely under the federal statute, there remain two paths by which this court could hear the petition. First, Landis could attempt to show that he is entitled to equitable tolling of the limitations period, which requires him to establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Socha v. Boughton*, 763 F.3d 674, 684-85 (7th Cir. 2014). In light of the large time lapses during which Landis appears to have done nothing to pursue his rights, he is unlikely to qualify for equitable tolling. Moreover, his claimed ignorance of the law is not an "extraordinary circumstance." *Godoski v. United States*, 304 F.3d 761,

762 (7th Cir. 2002) ("Ignorance of the law does not justify an extension of the one-year period to commence a collateral attack.").

Second, Landis could argue for an equitable exception to § 2244(d)(1) based on a credible claim of actual innocence, regardless whether he has been diligent in pursuing his rights. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013). To qualify for this narrow exception, Landis must "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Landis must show that "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006), quoting *Schlup*, 513 U.S. at 327; *see also McQuiggin*, 569 U.S. at 399; *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015). To be "new," the evidence need not be "newly discovered" but must be evidence that was not presented at trial. *Gladney*, 799 F.3d at 898. Although the petitioner need not prove diligence to pass through the actual-innocence gateway, the court may consider unexplained delay "as part of the assessment whether actual innocence has been convincingly shown." *McQuiggin*, 569 U.S. at 399.

Although nothing in the petition or the supporting materials suggests that Landis can satisfy the actual innocence exception or that circumstances exist to support equitable tolling of the limitations period, it would be premature to dismiss the petition without giving petitioner the opportunity to come forward with facts showing why the petition is timely or why his default should be excused. Accordingly,

ORDER

IT IS ORDERED that:

Not later than November 1, 2018, petitioner shall file a supplemental brief and supporting materials setting forth facts and legal argument to show either that (1) he qualifies for equitable tolling or (2) his default should be excused under the actual innocence exception. In the event he fails to make this showing, then the presiding judge likely will dismiss the petition.

Entered this 11th day of October, 2018.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge