IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOUGLAS E. LANDIS,

            Petitioner,

v.

JON LITSCHER,

            Respondent.

OPINION AND ORDER

18-cv-668-wmc

---

In this petition for a writ of habeas corpus under 28 U.S.C. § 2254, Douglas Landis claims that he was denied a direct appeal as a right. Specifically, Landis claims that neither the state public defender nor the trial court informed him of "options to proceed on direct appeal" after the public defender determined he was not indigent and therefore did not qualify for its services. He further complains that the trial court did not have a colloquy with him about the disadvantages of proceeding *pro se*. (Pet., (dkt. # 1) ¶ 12).

On October 12, 2018, the magistrate judge reviewed the petition preliminarily, assumed without deciding that Landis had stated a constitutional claim, and indicated that the petition was likely barred as untimely because Landis had done nothing to pursue his appellate rights for more than a decade after his conviction. The magistrate judge also warned Landis that he must "come forward with facts showing why the petition is timely or why his default should be excused," or else the petition would be dismissed. (Order (Dkt. # 5) 4). Landis has now attempted to comply with that order, and his petition is now before me. Having now considered petitioner's supplemental brief, the court must reject his arguments in favor of tolling and finds that the petition is untimely.

BACKGROUND

As summarized by the magistrate judge, Landis was convicted in 2001 in Vernon County, Wisconsin, after pleading guilty to substantial battery, false imprisonment and bail jumping as a repeat offender. After sentencing, Landis's trial counsel (who was retained) filed a notice of Landis's intent to pursue post-conviction relief. Landis thereafter sought appellate representation from the State Public Defender's Office, which found him to be financially ineligible for free legal assistance. Landis neither appealed this eligibility determination nor asked the circuit court to appoint counsel. He also apparently failed to retain new counsel himself, and he certainly never filed a timely notice of appeal.

In early 2007 (some six years after his conviction), Landis did retain counsel, who petitioned for a sentence adjustment, which the state court denied in October 2007. *See* https://wcca.wicourts.gov/caseDetail.html?caseNo=2000CF000088&countyNo=62&index=0&mode=details (last visited October 16, 2019). Nearly 10 years later (some 16 years after his conviction), in April 2017 Landis also filed a motion in the Wisconsin Court of Appeals for reinstatement of his appeal rights. According to Landis, he took this latter action immediately after being "informed for the first time his rights were violated to the extent he was unconstitutionally denied counsel, and was not informed of any options on direct appeal."

In particular, Landis claimed the state had a constitutional duty to inform him that, in the event the State Public Defender determined that he did not qualify for appointed counsel, he could nonetheless ask the trial court to appoint counsel at county expense. He also claimed that he had the due process right "to be informed of the dangers and

2

disadvantages of proceeding pro se on appeal." (Pet.'s Br. (dkt. # 2) 1). Ultimately, the state court of appeals denied this motion as well, and the Wisconsin Supreme Court subsequently denied his petition for review.[1] Landis then filed the instant habeas petition in this court on August 13, 2018.

DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), Title 28 U.S.C., § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Landis did not attach a copy of the Wisconsin Court of Appeals' order to his petition, and no copy is available on line.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d) (1)-(2).

Given that petitioner did not file his federal habeas petition until some 16 years after his right to appeal his conviction expired, he has little choice but to concede that his petition is untimely under § 2244(d)(1)(A). To overcome his untimeliness, petitioner instead invokes subsection (1)(B), arguing that his petition is not time-barred because unconstitutional, state-created impediments prevented timely filing. Specifically, petitioner argues that the state impeded him from filing an application for habeas relief by failing to inform him that he still could have asked the trial court to appoint counsel for him at county expense even if he did not qualify for appointment of appellate counsel through the state public defender's office. Petitioner also claims he was never informed that his appellate rights would be forfeited if he did not file a post-conviction motion or a formal appeal within 60 days of the filing of a notice of intent to seek such relief. Thus, the alleged impediment and the underlying claim are one and the same in this case.

A state-created impediment must violate the Constitution or federal law in order to toll the limitations period under § 2244(d)(1)(B). *Holland v. Florida*, 560 U.S. 631, 665 (2010); *Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004). Petitioner does not cite, and the court is not aware of any, case holding that a defendant has a constitutional right to apply to the circuit court for court-appointed appellate counsel in the event he is determined not to be indigent, much less a constitutional right to be informed of such a right. Likewise, the Supreme Court has not expressly extended the right that exists at the

trial level to be reminded of the dangers of self-representation in the appellate context, since "the major complexities, choices, and risks are past." *Speights v. Frank*, 361 F.3d 962, 965 (7th Cir. 2004). Thus, in *Speights*, the Seventh Circuit rejected a claim very similar to the one petitioner raises here, finding that the "Supreme Court has never held that waivers of counsel at any stage of the proceedings other than trial require such a give-and-take between the accused and someone trying to educate him about counsel's benefits[.]" 361 F.3d at 965.

Regardless, petitioner has not established that any state actions *prevented* him from filing his *habeas petition* timely, which is what he must show under § 2244(d)(1)(B). *See Powell v. Davis*, 415 F.3d 722, 728 (7th Cir. 2005) (public defender's request for an indefinite stay that led to the belated review of state post-conviction petition did not qualify as a state-created impediment and did not prevent petitioner from filing a timely habeas petition); *Lloyd*, 296 F.3d at 633 (state's failure to provide petitioner with a trial transcript "did not prevent him from filing his habeas corpus petition"). To the contrary, the federal courts have been available to petitioner since he was convicted in 2001, and nothing the state did appears to have blocked or impeded petitioner from filing a federal habeas petition long before he did.

Petitioner is also not entitled to tolling under § 2244(d)(1)(D). This provision explains that the one-year statute of limitations "begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000), as amended (Jan. 22, 2001). The important "fact" that petitioner claims he did not know here is that

5

he had a right to ask the trial court to appoint counsel after the public defender's office found him ineligible for its services. Even accepting this as such, petitioner could have discovered this fact long ago: all he had to do was ask the public defender's office or the court what his options were after he was deemed ineligible. Moreover, petitioner presents nothing to suggest that the court would have appointed counsel for him even if he had asked for one, so it is unclear what difference this knowledge would have made.

Instead, it appears that petitioner accepted the public defender's finding of ineligibility and opted not to retain his own counsel or pursue an appeal on his own. Having opted to do nothing about the appeal, petitioner now claims he would have timely pursued it had he known of this possible right to representation then, rather than stumbling across this right some 16 years later. However, a failure to pursue his rights under § 2244 timely is not excused by ignorance of those rights alone. *See Owens*, 235 F.3d at 359 ("Like most members of street gangs, Owens is young, has a limited education, and knows little about the law. If these considerations delay the period of limitations until the prisoner has spent a few years in the institution's law library, however, then § 2244(d)(1) might as well not exist; few prisoners are lawyers.").

Finally, petitioner is not eligible for equitable tolling. Tolling is rare; it is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004) (internal quotation marks and alterations omitted). A petitioner "is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

6

Moreover, petitioner has the burden to establish both of these points. *See Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008).

For reasons already discussed, nothing in this record suggests that petitioner pursued his rights diligently, much less that he was thwarted by some "extraordinary circumstance" preventing him from complying with the limitations period set forth in § 2244. *Holland*, 544 U.S. at 649. Neither his pro se status nor lack of familiarity with the law constitutes an "extraordinary circumstance." *See Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004). In sum, petitioner has failed to show that with any amount of diligence, he could not have filed his federal habeas petition long before he did. Accordingly, he is not entitled to either statutory or equitable tolling of the one-year limitations period.

This leaves only the question of the court's possible issuance of a certificate of appealability from this final order adverse to the petitioner. *See* 28 U.S.C. § 2253(c)(2); Rule 11 of the Rules Governing Section 2254 Cases. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). To make such a showing where the court denies relief on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). The court finds that reasonable jurists would not find an underlying constitutional claim nor is the procedural ruling in this case debatable. Accordingly, the court declines to issue a certificate of appealability.

7

ORDER

IT IS ORDERED that the petition of Douglas Landis is DISMISSED WITH PREJUDICE for his failure to file it within the one year limitations period prescribed by 28 U.S.C. § 2244(d)(1). No certificate of appealability shall issue.

Entered this 24th day of October, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge